

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | |
|---|---|---|
| Name (under which you were convicted):<br>Iyman Faris | | Docket or Case No.:<br>1:03-cr-00189-LMB |
| Place of Confinement:<br>USP-Marion | | Prisoner No.:<br>46680-083 |
| UNITED STATES OF AMERICA<br>V. | | Movant (include name under which convicted)<br>Iyman Faris |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:
   United States District Court for the Eastern District of Virginia
   Alexandria Division, 401 Courthouse Square Alexandria, VA 22314

   (b) Criminal docket or case number (if you know): 1:03-cr-00189-LMB

2. (a) Date of the judgment of conviction (if you know): October 28, 2003
   (b) Date of sentencing: October 28, 2003

3. Length of sentence: 240 months

4. Nature of crime (all counts): Count One - Conspiracy To Provide Material Assistance To Al-Qaeda, 18 USC 371 and 2339B, Providing Material Support to Al-Qaeda, 18 USC 2339A

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐    (2) Guilty ☒    (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)  Jury ☐  Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?  Yes ☐  No ☐

8. Did you appeal from the judgment of conviction?  Yes ☒  No ☐

9. If you did appeal, answer the following:
   (a) Name of court: Fourth Circuit Court of Appeals
   (b) Docket or case number (if you know): 388 F 3d 452 (2004), 162 Fed Appx 199 (2005)
   (c) Result: affirmed, affirmed on remand
   (d) Date of result (if you know): June 4, 2004; 2005
   (e) Citation to the case (if you know): as above
   (f) Grounds raised: error in failure to allow withdrawal of guilty plea

   (g) Did you file a petition for certiorari in the United States Supreme Court?  Yes ☒  No ☐
   If "Yes," answer the following:
   (1) Docket or case number (if you know): 544 US 916, 125 S Ct 1637, 161 L Ed 2d 469
   (2) Result: reversed and remanded

   (3) Date of result (if you know): 2005
   (4) Citation to the case (if you know): as above
   (5) Grounds raised: Booker

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☒  No ☐

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: US District Court ~~Eastern District of Virginia~~

    (2) Docket or case number (if you know): 1:06-cv-00132-LMB

    (3) Date of filing (if you know): 2006

    (4) Nature of the proceeding: Motion To Vacate 28 USC 2255

    (5) Grounds raised: Ineffective assistance of counsel other than that raised here

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
        Yes ☐    No ☒

    (7) Result: dismissed

    (8) Date of result (if you know): 2007

(b) If you filed any second motion, petition, or application, give the same information:

    (1) Name of court:

    (2) Docket of case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
        Yes ☐    No ☐

    (7) Result:

    (8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1) First petition:    Yes ☒    No ☐

(2) Second petition: Yes ☐ No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

_____

_____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:** Ineffective assistance of counsel for failure to apprise of immigration consequences

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

as per attached pages

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: This issue was not discoverable until 2017.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion, petition, or application?
   Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
   Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
   Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: Issue did not become available until March 21, 2017

_____
_____
_____
_____

**GROUND TWO:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____
_____
_____
_____
_____
_____
_____

Grounds For Relief One: Ineffective Assistance Of Counsel In

Failing To Advise Faris Of The Immigration Consequences Of A

Guilty Plea

In this case, Faris has averred in the attached affidavit that counsel failed to advise him of the immigration consequences of his guilty plea. Exh A para 3-5. Further, it was not knowable that there would be such consequences until the United States decided to end their fourteen year long forbearance due to their inability to reach a cooperation agreement with Faris. Exh A para 6-7. Had Faris known of the immigration consequences, he would have chosen to go to trial. Exh A para 8.

A defendant's Sixth Amendment rights are violated when trial counsel fails to advise him the immigration consequences of his plea. Padilla v Kentucky 559 US 356, 130 S Ct 1473, 176 L Ed 2d 284 (2010). Whether a defendant is entitled to relief depends upon his ability to demonstrate prejudice. Padilla.

Here, Faris was originally detained in March 2003 as an enemy combatant, despite being a US citizen on US soil, a practice that was later ruled un-Constitutional. During this time, he made un-counseled statements to the FBI which provided the basis of the Statement of Facts to which he pled May 1, 2003. These statements were likely inadmissible, as Faris was un-Constitutionally detained for at least 30 days after the FBI sequestered him in a hotel March 3, 2003, and, then, at the FBI base at Quantico, Virginia.

For this reason, and, others, the District Court, in its adjudication of Faris's motion to withdraw his plea agreement, noted that it would have been virtually impossible for the United States to have brought him to civil trial in this matter. cited in United States v Faris 388 F 3d 452 (4th Cir 2004). At the

time, the United States' only option was to detain Faris at the facility at Guantanamo Bay, Cuba, as an enemy combatant, a practice that was illegal, found illegal in 2004, and, would have required Faris' release on habeas soon after it was done.

Thus, because the United States could not have brought Faris to trial, particularly as his statements were illegal obtained by the investigating agents in this matter, and, for other causes, Faris was prejudiced by his decision to plea guilty. Had Faris been advised of the immigration consequences of his plea, he would have made a rational decision to force a trial in this matter, resulting in his release.

Because Faris suffered prejudice from counsel's unreasonable performance, he is entitled to vacatur.

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: All grounds presented in this petition were not previously presented in federal court, as they were not available prior to the United States providing notice of the immigration consequences on March 21, 2017,.

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging? Yes ☐ No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. Immigration proceedings pend in the Southern District of Illinois Case No: 17-cv-295.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing: Frederick J Sinclair

(b) At the arraignment and plea: Frderick J Sinclair

(c) At the trial: _____

(d) At sentencing: Frederick J Sinclair

(e) On appeal: Frederick J Sinclair

(f) In any post-conviction proceeding: Thomas Durkin on immigration proceeding

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?  Yes [X]  No [ ]

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?  Yes [ ]  No [X]
    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:
    possible immigration detainer, not currently existing

    (b) Give the date the other sentence was imposed: _____
    (c) Give the length of the other sentence: _____
    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?  Yes [ ]  No [ ]

18. **TIMELINESS OF MOTION:** If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

The petition in this matter is not "second or successive", as the cause of action, ineffective assistance of counsel in not apprising Faris of the immigration consequences of his plea, was not available until the United States notified Faris of its intent to revoke his US citizenship on March 21, 2017. When a cause of action did not exist when the initial 2255 proceeding was brought, a subsequent petition is not "second or successive" pursuant to 28 USC 2255. see, eg In Re: Cabey 429 F 3d 93 (4th Cir 2005); In re: Taylor 171 F 3d 185 (4th Cir 1999); Slack v McDaniel 529 US 473, 120 S Ct 1595, 146 L Ed 2d 542 (2000).

In this case, Faris avers that his counsel never advised him of his immigration consequences, that said consequences were not noted in his plea, and, that the Court did not apprise him of potential immigration consequences in the plea colloquy. Further, it was not clear that there would be immigration consequences until the United States brought immigration action in response to Faris' refusal to cooperate with federal authorities upon his release. All of this made the immigration consequences unknowable at the time of the initial 2255 filing.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
(1) the date on which the judgment of conviction became final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AFFIDAVIT OF IYMAN FARIS
-------------------------

I, Iyman Faris, do hereby aver under penalty of perjury that the following is true to the best of my knowledge, and, ability, this _16_ th day of January, 2018:

1) I am Iyman Faris, the Petitioner in this matter;

2) I have personal knowledge of that to which I aver.

3) Between April 2003, and, October 2003, I met with counsel in this matter, Frederick J Sinclair, five times.

4) At no point did Frederick J Sinclair, or, any other person, advise me that my US citizenship might potentially be revoked as a result of my guilty plea in this matter.

5) Notice as to the immigration consequences of my plea was not provided in the plea agreement by the United States, or, by the Court at the plea colloquy.

6) Throughout my term of imprisonment, I have been approached by the United States, and, solicited to provide cooperation to federal law enforcement. I have refused to provide said co-operation, and, I reasonably infer that the action to revoke my citizenship is in retaliation for said refusal.

7) My first notice of the government's intention to alter my citizenship status as a result of my plea was after the filing of SD Ill Case No 17-cv-295 on March 20, 2017.

8) Had I known of the immigration consequences of my guilty plea, I would have proceeded to trial in this matter.

Having so averred, I sayeth no more under oath.

_Iyman Faris_

-1-

Therefore, movant asks that the Court grant the following relief: <u>vacatur of the conviction,</u>
<u>and, remand for trial</u>
or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _01-16-2018_.
(month, date, year)

Executed (signed) on _01-16-2018_ (date).

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

_____
_____
_____