IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.                                                          ) | No. 1:03-cr-189 (LMB) |
| ) | No. 1:18-cv-86 (LMB) |
| IYMAN FARIS,                                       ) | |
| ) | |
| Movant.                                             ) | |

## ORDER

On May 1, 2003, Iyman Faris ("Faris" or "movant") pleaded guilty to providing material support to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2239B, and conspiracy to provide material support to a designated foreign terrorist organization, in violation of 18 U.S.C. § 371. Faris attempted to withdraw his guilty plea before sentencing; however, the Court found that the plea was entered knowingly and voluntarily and denied his motion to withdraw, a decision that was affirmed by the Fourth Circuit. See United States v. Faris, 388 F.3d 452 (4th Cir. 2004), petition for certiorari granted and judgment vacated on other grounds, 544 U.S. 916 (2005), judgment aff'd on remand, 162 F. App'x 199 (4th Cir. 2005) (per curiam).

Faris filed his first Motion to Vacate under § 28 U.S.C. § 2255 ("Motion to Vacate") on February 3, 2006. [Dkt. No. 49]. It was dismissed [Dkt. No. 62], Faris filed a Notice of Appeal, and the Fourth Circuit denied a certificate of appealability and dismissed Faris's appeal, see United States v. Faris, 241 F. App'x 992 (4th Cir. 2007) (per curiam). Before the Court is Faris's pro se Second Motion to Vacate Under 28 U.S.C. § 2255 [Dkt. No. 75], in which he argues that his convictions should be vacated because his counsel did not appropriately advise him of the potential immigration consequences of his guilty plea. Although Faris is a naturalized US citizen, he is arguing that immigration officials have started proceedings to denaturalize him. See United States v. Faris, No. 3:17-cv-295-SMY-DGW (S.D. Ill.).

Before filing a second or successive § 2255 motion, a prisoner must obtain authorization from the appropriate appellate court to file such a motion. See 28 U.S.C. §§ 2255(h), 2244(b)(3). In Faris's case, that would be the United States Court of Appeals for the Fourth Circuit. Because Faris has failed to obtain the appropriate authorization to file this second or successive motion,[1] it is hereby

ORDERED that this Motion to Vacate Under § 2255 [Dkt. No. 75] be and is DISMISSED WITHOUT PREJUDICE to allow Fairs to apply for authorization to file a second or successive motion.

To appeal this decision, Faris must file a written Notice of Appeal with the Clerk of this Court within 60 days of the date of the entry of this Order. A written Notice of Appeal is a short statement stating a desire to appeal an order and noting the date of the order movant wants to appeal. Movant need not explain the grounds for appeal until so directed by the Court. Failure to file a timely Notice of Appeal waives the right to appeal this decision. Movant must also request and obtain a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). This Court declines to issue a certificate of appealability for the same reasons stated in this Order.

The Clerk is directed to forward copies of this Order to counsel of record and to movant, pro se.

Entered this 25 day of January, 2018.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge

---

[1] The Court observes that to the extent Faris's motion depends on the rule announced in Padilla v. Kentucky, 559 U.S. 365 (2010), that defense attorneys must inform noncitizen clients of the deportation risks of guilty pleas, the Supreme Court has held that Padilla does not apply retroactively, see Chaidez v. United States, 133 S. Ct. 1103 (2013). Accordingly, Faris, who pleaded guilty years before Padilla, may not take advantage of the right developed in Padilla.

2